IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY JANE PAGE,                                    6:13-CV-02266-BR

          Plaintiff,                               OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

          Defendant.


MARLENE R. YESQUEN
Black, Chapman, Webber & Stevens
221 Stewart Avenue, #209
Medford, OR 97501
(541) 722-9850

          Attorneys for Plaintiff

S. AMANDA MARSHALL
United States Attorney
RONALD K. SILVER
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**THOMAS M. ELSBERRY**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104
(206) 615-2112

       Attorneys for Defendant


**BROWN, Judge.**

       Plaintiff Mary Jane Page seeks judicial review of a final decision of the Commissioner of the Social Security Admini-stration (SSA) in which she denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

       For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


<u>**ADMINISTRATIVE HISTORY**</u>

       Plaintiff filed applications for DIB and SSI on September 11, 2009, and alleged a disability onset date of May 15, 2008.  Tr. 123, 145.[1]  Her applications were denied initially and on reconsideration.  An Administrative Law Judge

---

      [1] Citations to the official transcript of record filed by the Commissioner on June 10, 2014, are referred to as "Tr."

2 - OPINION AND ORDER

(ALJ) held a hearing on January 10, 2010.  Tr. 23.  At the
hearing Plaintiff and a vocational expert (VE) testified.
Tr. 48-66.  Plaintiff was represented by an attorney.

On June 15, 2012, the ALJ issued an opinion in which she
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 25-41.  On October 22, 2013, that decision
became the final decision of the Commissioner when the Appeals
Council denied Plaintiff's request for review.  Tr. 1-6.


### BACKGROUND

Plaintiff was born on August 7, 1951.  Tr. 123.  Plaintiff
was 60 years old at the time of the hearing.  Plaintiff went to
school through the twelfth grade but did not graduate from high
school.  Tr. 53.  Plaintiff has past relevant work experience as
a sandwich maker.  Tr. 35.

Plaintiff alleges disability due to quadruple bypass,
angina, hypertension, "solitary kidney," shortness of breath,
arthritis, and joint and shoulder pain.  Tr. 124.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 30, 32-34.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments. 20 C.F.R.

§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648
F.3d at 724.

At Step Three the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of the
listed impairments that the Commissioner acknowledges are so
severe as to preclude substantial gainful activity.  20 C.F.R.
§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648
F.3d at 724.  The criteria for the listed impairments, known as
Listings, are enumerated in 20 C.F.R. part 404, subpart P,
appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must
assess the claimant's residual functional capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations.  20 C.F.R.
§§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling
(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a
day, for 5 days a week, or an equivalent schedule." SSR 96-8p,
at *1.  In other words, the Social Security Act does not require
complete incapacity to be disabled.  *Taylor v. Comm'r of Soc.
Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair
v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform

work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv),
416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the
burden shifts to the Commissioner to show a significant number of
jobs exist in the national economy that the claimant can perform.
*Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th
Cir. 2010).  The Commissioner may satisfy this burden through the
testimony of a VE or by reference to the Medical-Vocational
Guidelines set forth in the regulations at 20 C.F.R. part 404,
subpart P, appendix 2.  If the Commissioner meets this burden,
the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1),
416.920(g)(1).


## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since her May 15, 2008, alleged
onset date.  Tr. 30.

At Step Two the ALJ found Plaintiff has the severe
impairments of "coronary artery disease with coronary artery
bypass graft times four," obesity, mild thoracic degenerative
disc disease, "right shoulder calcific tendonitis," and

obstructive sleep apnea.  Tr. 30.  The ALJ found Plaintiff's
"hand impairments," depression, dyslipidemia, hypertension,
borderline diabetes, and single kidney to be impairments that are
not severe.  Tr. 31.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P, appendix
1.  Tr. 31.  The ALJ found Plaintiff has the RFC to perform light
work; to climb ramps or stairs; to stoop, crouch, kneel, crawl,
and reach overhead with her upper right extremity occasionally;
and to balance frequently.  Tr. 31.  The ALJ found Plaintiff
should never climb ladders, ropes, or scaffolds or be exposed to
hazards such as moving equipment or unprotected heights.  Tr. 31.
The ALJ limited Plaintiff to "tasks requiring simple reasoning
that can be learned in 30 days or less."  Tr. 31.

At Step Four the ALJ concluded Plaintiff is capable of
performing her past relevant work.  Tr. 35.  Accordingly, the ALJ
found Plaintiff is not disabled.


## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to
give Plaintiff a sufficient opportunity to testify; (2) failed
to consider Plaintiff's impairments in combination; and
(3) improperly gave "little weight" to the opinion of treating

physician George Larson, D.O.

## I.    The ALJ provided Plaintiff with a sufficient opportunity to testify.

Plaintiff alleges the ALJ erred when she did not provide Plaintiff with a sufficient opportunity to present testimony concerning the severity of her symptoms and functional limitations resulting from her medical conditions.

Social Security claimants are entitled to a measure of due process at their administrative hearings.  The "procedure at the hearing generally . . . shall be in the discretion of the hearing examiner and of such nature as to afford the parties a reasonable opportunity for a fair hearing."  Accordingly, "[t]he hearing should be liberal and not strict in tone and operation.  This is the obvious intent of Congress so long as the procedures are fundamentally fair."  *Richardson v. Perales*, 402 U.S. 389, 401-02 (1971).  *See also Solis v. Schweiker*, 719 F.2d 301, 302 (9th Cir. 1983)(same); *Lang v. Colvin*, No. 10-CV-03507-JCS 2014 WL 4827880, *13 (N.D. Cal. Sep. 26, 2014)(same).

The record does not reflect the ALJ denied Plaintiff the right to testify at any time during the hearing.  Plaintiff had the opportunity to testify about her symptoms including the fact that she reduced her hours at work to part-time because she had difficulty climbing stairs and then had heart surgery.  Tr. 55. In addition, Plaintiff's counsel did not request any further opportunity for Plaintiff to testify.  Finally, the ALJ held the

9 - OPINION AND ORDER

record open for two weeks after the hearing for Plaintiff to provide additional records.  Tr. 53.

On this record the Court finds the ALJ did not err as to this issue because she provided Plaintiff with a sufficient opportunity to testify.

## II.   The ALJ did not err by failing to consider Plaintiff's impairments in combination.

Plaintiff asserts the ALJ erred when she failed to consider the combination of Plaintiff's impairment of obesity in combination with Plaintiff's severe impairments.

The ALJ found Plaintiff "does not have an impairment or combination of impairments that meets . . . the severity of one of the listed impairments."  Tr. 31.  The ALJ also noted even though there is not a medical listing for obesity, she "consider[ed] obesity in combination with [Plaintiff's] other impairments."  Tr. 31.  Specifically, Plaintiff's RFC assessed by the ALJ takes into account the impact of excess weight on Plaintiff's ability to function.

On this record the Court concludes the ALJ did err as to this issue because she considered Plaintiff's impairments, including obesity, in combination.

## III.  The ALJ did not err when she gave "little weight" to the opinion of Dr. Larson.

Plaintiff contends the ALJ erred when she gave "little weight" to the February 2011 opinion of Dr. Larson, Plaintiff's

treating physician.

An ALJ may reject a treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of a treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

On February 16, 2011, Dr. Larson completed a Physical Residual Functional Capacity Questionnaire in which he opined, among other things, that Plaintiff could walk only one block; could stand/walk less than two hours in an eight-hour work day; could sit up to four hours in an eight-hour work day; was able to grasp, turn, twist and perform fine manipulations with her right hand only 15% of the time; and would be absent from work three days per month due to her impairments or treatment.  Tr. 434-35. The ALJ gave little weight to those opinions of Dr. Larson on the grounds that Dr. Larson's office notes "do not discuss hand complaints and there are no supporting x-rays."  Moreover, Dr. Larson did not provide any explanation to support his opinion that Plaintiff could sit, stand, and walk less than eight hours

11 - OPINION AND ORDER

per day.  For example, on May 2, 2010, Dr. Larson reported
Plaintiff was doing "a little more ph[ysical] activity -
walk[ing] 20 min. 4-5 day[s]/wk" without suffering angina.
Similarly, on December 10, 2009, treating rehabilitation
therapist Pamela Kalstad noted Plaintiff had "completed 12
sessions of monitored exercise training" and "reported walking 35
minutes daily without cardiovascular symptoms."  Tr. 438.  In
addition, on November 30, 2009, examining physician Kurt
Brewster, M.D., opined Plaintiff could walk or stand for six
hours in an eight-hour work day and did not have any restrictions
on sitting.  Tr. 351.

On this record the Court concludes the ALJ did not err when
he gave "little weight" to portions of Dr. Larson's February 2011
opinion because the ALJ provided legally sufficient reasons
supported by substantial evidence in the record for doing so.

<u>CONCLUSION</u>

For these reasons, the Court **AFFIRMS** the decision of the
Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 4th day of February, 2015.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER